## TOWN OF LEXINGTON v. WISE.

### SAME v. BANKS.

1. The charter of the town of Lexington provides, that the intendant and wardens, or a majority of them, shall be vested with all the powers of a trial justice in this State in all cases of violation of any ordinance of the said town. *Held*, that the town council of Lexington, in the trial of offenders against the town ordinances, can only exercise the powers conferred by law upon trial justices, and are subject to the same limitations.
2. Therefore, the accused in such trial has the right to trial by jury, if demanded, and that the testimony be taken down in writing and subscribed by the witnesses, and upon conviction, the right of appeal to the Circuit Court.
3. The legislature having made this provision for the trial of persons accused of violations of the ordinances of the town, instead of creating a strictly municipal or police court for the trial of such offenders, the courts cannot declare such provision to be against public policy.

Before HUDSON, J., Lexington, September, 1885.

This was an appeal from the following judgment:

The questions raised on these appeals are: 1st. Whether the Circuit Court has appellate jurisdiction. 2d. Whether at the trial below the defendant was entitled to trial by jury if demanded. Upon the authority of the case of *State ex rel. Burton* v. *Williams*, 11 *S. C.*, 289, I decide both questions in the affirmative, and therefore order and adjudge, that the sentence of the inferior court be set aside and a new trial awarded to the defendants in each of the above stated cases. The testimony should, upon the new trial, be taken in writing, and subscribed by witnesses, as the law requires.

*Mr. George T. Graham,* for appellant.

*Messrs. Meetze & Muller* and *J. Brooks Wingard,* contra.

February 13, 1886. The opinion of the court was delivered by
Mr. Justice McIver. These two cases, involving the same
principles, were heard and will be considered together. The defen-
dants were tried by the town council of Lexington for a violation
of certain ordinances of said town. Upon their trial they each
demanded a trial by jury, and that the testimony of the witnesses
be taken down in writing and subscribed by them. Both of these
demands were refused, and the defendants were convicted and
sentenced, the one to pay a fine of five dollars, or be confined in
the guard house for eight days, and the other to pay a fine of ten
dollars, or be confined in the guard house for twenty days. They
each paid their fines under protest, their bonds to abide the deter-
mination of their cases in the Circuit Court having been tendered
and refused, the town council holding that there was no appeal
from their judgment to the Circuit Court. The Circuit Judge,
upon the authority of the case of *State ex rel. Burton* v. *Wil-
liams* (11 *S. C.,* 288), held that the defendants had the right of
appeal, and that they were entitled to a trial by jury if demanded;
and that the testimony of the witnesses should be taken down in
writing and subscribed by them as the law requires.

The town of Lexington appeals substantially upon the follow-
ing grounds: 1st. That the Circuit Judge erred in entertaining
the appeal. 2d. That he erred in holding that the defendants
were entitled to a trial by jury. 3d. In holding that the testi-
mony of the witnesses should be taken down in writing and sub-
scribed by them.

It is quite clear that a municipal corporation, as well as its
officers or agencies, has no powers except such as are conferred
by the charter creating such corporation. The town of Lexing-
ton was incorporated by the act of 1881 (17 *Stat.,* 662), and the
seventh section of that act declares: "That the intendant and
wardens, or a majority of them, duly elected and qualified, shall,
during their term of office, be vested with all the powers of a trial
justice or justice of the peace in this State, in all cases of viola-

tion of any ordinance or ordinances of the said town." From this it is manifest that when the town council of Lexington undertake to try an offender against any of their ordinances, they can only exercise such powers as are conferred by law upon a trial justice, subject, of course, to such limitations and restrictions as are imposed upon that officer. It is not, and cannot be, denied that where a person is brought before a trial justice for trial, that he is entitled to a jury if demanded, and that the testimony of the witnesses must be taken down in writing and subscribed by them, and that upon conviction there is a right of appeal to the Circuit Court. This being so, it necessarily follows that a person brought before the town council, who are only invested with the same powers as a trial justice, is entitled to the same privileges.

It is argued that it is against public policy to allow the right of trial by jury and the right of appeal to persons charged with a violation of the ordinances of a town, as it is important to the peace and good order of the town that such offenders should be dealt with summarily. That, however, is a consideration which would be more properly addressed to another department of the government, whose province we have no right or desire to invade. Our sole duty is to construe the law as we find it written. If the legislature has seen proper, instead of creating a strictly municipal or police court, with well defined powers and jurisdiction, to confer upon the town council of Lexington, for the purpose of enforcing its ordinances, the same powers as have been conferred upon a trial justice, we are bound so to declare the law when a proper case is made before us, calling for such declaration.

The judgment of this court is that the judgment of the Circuit Court, in each of the cases above stated, be affirmed.